IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEGARTY,<br> Plaintiff,<br> v.<br>TRANSAMERICA LIFE INSURANCE COMPANY,<br> Defendant. | Case No. 19-cv-06006-MMC<br><br>**ORDER VACATING HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

  Before the Court is plaintiff's Motion for Preliminary Injunction, filed December 6, 2019, and noticed for hearing on February 7, 2020. Also before the Court is defendant's Motion to Dismiss, filed December 20, 2019, and noticed for hearing on March 27, 2020.

  In his complaint, plaintiff alleges that, in 1989, he purchased from defendants' predecessor a "direct recognition life [ ] vanishing premium insurance contract" (see Compl. ¶ 1) and that said contract "contained a material feature commonly called a 'persistency bonus,'" which feature provides for a "specified addition to the cash value of the insurance contract if the insurance contract is kept in force for a specified period or periods of time" (see Compl. ¶ 3). Plaintiff further alleges defendant, in 2016, advised him it "would not pay the 30 and 40-year bonuses" (see Compl. ¶ 58), and did not "credit [plaintiff's] 30-year persistency bonus . . . when it was due in August 2019" (see Compl. ¶ 78), which failure, plaintiff asserts, constitutes an "express breach" of the contract (see Compl. ¶ 80). In his motion for a preliminary injunction, plaintiff seeks an order enjoining defendant "from terminating coverage under [the subject contract] and from requiring payment of additional premiums to keep [his] [i]nsurance [c]ontract in full force and effect

1    until a final adjudication of this action." (See Pl.'s Proposed Order at 2:11-15.)

2    In support of its opposition to plaintiff's motion for a preliminary injunction, defendant submits evidence that it has "plac[ed] [plaintiff's] policy 'on suspense'" (see Marmalefsky Decl. Ex. B), meaning the policy "will not lapse" even though plaintiff does not pay "monthly risk charges" (see id. Ex. A), and, further, that the policy will remain on suspense "for no fewer than 60 days" from the date defendant's motion to dismiss is resolved (see id. Ex. B). In light of such change in circumstances, defendant, in its opposition, requests the Court defer hearing on plaintiff's motion until its motion to dismiss has been resolved. In his reply, plaintiff contends such "deferral offers no efficiencies" (see Pl.'s Reply at 4:9) and requests his motion be heard first.

The Court, having considered the parties' respective written submissions, finds it appropriate to first rule on the motion to dismiss, given there is no imminent threat of the policy's lapsing and because resolution of the motion to dismiss will likely bear on, if not resolve, the issue of whether plaintiff, in support of the requested injunction, can show a likelihood of success on the merits.[1]

Accordingly, the hearing on plaintiff's motion for a preliminary injunction is hereby VACATED, and, if appropriate, said motion will be reset to be heard on a date shortly after defendant's motion to dismiss is resolved.

**IT IS SO ORDERED.**

Dated: January 31, 2020

MAXINE M. CHESNEY
United States District Judge

---

[1] In its motion to dismiss, defendant argues the subject contract does not require payment of persistency bonuses, and, in the alternative, that plaintiff's claims for such bonuses were released in 2000 by a court-approved class action settlement.

2