IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEGARTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 19-cv-06006-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Doc. No. 21 |

　　　　Before the Court is plaintiff Robert Hegarty's ("Hegarty") Motion for Preliminary Injunction, filed December 6, 2019.[1] Defendant Transamerica Life Insurance Company ("Transamerica") has filed opposition, to which Hegarty has replied. Additionally, with leave of court, both parties filed supplemental declarations and exhibits. The matter came on regularly for hearing on July 10, 2020. Richard B. Glickman of Richard B. Glickman APC appeared on behalf of Hegarty. Julie F. Wall of Chittenden, Murday & Novotny LLC appeared on behalf of Transamerica. The Court, having considered the papers submitted in support of and in opposition to the motion, as well as the arguments of counsel at the hearing, hereby rules as follows.

## BACKGROUND

　　　　The instant action is based on an alleged breach of a direct recognition life ("DRL") insurance policy Hegarty purchased in 1989 from Transamerica's predecessor. Hegarty claims he was guaranteed increases in cash values, generally known as "persistency bonuses," on the twentieth, thirtieth, and fortieth anniversaries of his policy's issuance,

---

[1] In connection with the motion, Hegarty requested the Court take judicial notice of various documents, which request is unopposed and hereby GRANTED.

1  and that Transamerica declined to pay the thirtieth anniversary bonus, thus requiring him
2  to make additional payments in order to keep the policy in force.

**DISCUSSION**

By the instant motion, Hegarty seeks an order preliminarily enjoining Transamerica from terminating coverage under his DRL insurance policy until a final adjudication of the instant action. In response, Transamerica contends any such bonuses were discretionary and, in any event, that any claims related thereto were released under the terms of a nationwide class action settlement in Oakes v. Bankers United Life Assurance Company, et al., Case No. 96-06849 (192nd Dist. Ct. Dallas Cty.) ("Oakes").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. As an alternative to showing a likelihood of success on the merits, however, a plaintiff may establish "that serious questions going to the merits [have been] raised," provided such plaintiff also establishes "a balance of hardships that tips sharply toward the plaintiff," a likelihood of irreparable harm, and that the injunction is in the public interest. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011) (internal quotation and citation omitted).

For the reasons stated in detail on the record at the hearing and summarized below, the Court finds Hegarty's claims are barred by the Oakes class action settlement and, consequently, the first requirement for a preliminary injunction has not been met.[2]

---

[2] In light of this finding, the Court does not address herein the additional requirements for a preliminary injunction. See Winter, 555 U.S. 7, 20, 23-24, 26 (2008) (holding plaintiff seeking preliminary injunction must establish all four elements). As Transamerica points out, however, Hegarty filed the instant motion over three years after Transamerica informed him it would not credit any future persistency bonuses (see Hegarty Decl. Ex. N), which delay "undercut[s] [Hegarty]'s claim of irreparable harm," see Garcia v. Google, Inc., 786 F.3d 733, 746 (9th Cir. 2015).

2

The DRL insurance contract here at issue consists of a master policy, group insurance certificate, and illustrations prepared for the policyholder.  (See Hegarty Decl. Ex. A.)  The bonuses claimed in the instant action are referenced only in the illustrations.

The Oakes action concerned claims arising from illustrations provided in connection with DRL insurance policies, and Hegarty, as a member of the class certified in Oakes, released:

> any and all causes of action, claims, . . . or rights, known or unknown, . . . that have been, could have been, may be or could be alleged or asserted now or in the future by . . . any Class Member . . . on the basis of, connected with, arising out of, or related to, in whole or in part, the Policies, the Released Transactions and servicing relating to the Released Transactions, which include without limitation: . . . any or all of the . . . illustrations or oral or written statements or representations allegedly made in connection with, or directly or indirectly relating to, the Released Transactions, including, without limitation any acts, omissions, disclosures, facts, matters, transactions, occurrences, or oral or written statements or representations relating to: . . . the Companies' policies and practices regarding . . . persistency, or other policy bonuses, . . . <u>or any other matters relating to . . . persistency, or other policy bonuses</u> . . . .

(See Hegarty Decl. Ex. J (Stipulation of Settlement) at § H.1.b.1 (emphasis added).)

Hegarty's reliance on various other provisions in the Oakes settlement documents is unavailing.  In particular, along with a section in the Stipulation of Settlement that provides "[n]either this Agreement nor any of the relief to be offered under the Stipulation of Settlement shall be interpreted to alter in any way the contractual terms of any Policy" (see id. at § M.21),[3] Hegarty points to the "Notice of Class Action Settlement" and "Answers to Questions Concerning the Proposed Settlement," both of which state the Oakes settlement "does not alter your contractual rights under the express terms of your

---

[3] To the extent Hegarty, at the hearing, argued the Stipulation of Settlement constituted a novation by which his claims were preserved, the Court notes that the above section reads in full: "Neither this Agreement nor any of the relief to be offered under the Stipulation of Settlement shall be interpreted to alter in any way the contractual terms of any Policy <u>or to constitute a novation of any Policy</u>."  (See id. (emphasis added).)

3

existing Policy" (see Hegarty Decl. Ex. G at § 5; Ex. H at § 6).  As "Policy" or "Policies" is defined in the Stipulation of Settlement to include "life insurance certificates" (see Hegarty Decl. Ex. J at § A.57), and "certificates" include "any Illustrations" (see Hegarty Decl. Ex. A, Ex. B), Hegarty argues, the word "Policy," as used in the Oakes Stipulation of Settlement, includes the illustrations, which, as noted, describe the bonuses Hegarty claims are guaranteed.

Hegarty, however, fails to identify anywhere in his contract documents any "contractual term," let alone any "express term," providing him with a guaranteed bonus. Indeed, the only place the word "guaranteed" appears in connection with any bonus is in the initial illustration, in reference to a "minimum interest column," which column reflects a consistent cash value of "0."  (See Hegarty Decl. Ex. B.)[4]

Moreover, in a section cited in passing by Hegarty, the Stipulation of Settlement, after stating, consistent with the provisions on which Hegarty primarily relies, "[n]othing in this Release shall be deemed to alter a Class Member's rights . . . to make a claim for benefits that will become payable in the future pursuant to the express written terms of the policy form[5] issued by the Defendants" (see Hegarty Decl. Ex. J at § H.1.b.2), goes on to make clear that "[u]nder no circumstances shall this Section H.1.b.2 entitle a Class Member to assert claims that relate to the allegations contained in the Action or to the matters described in Section H.1."  (See id.)  Those matters, as noted above, include "matters relating to . . . persistency, or other policy bonuses."  (See id. at § H.1.b.1.)

Next, and likewise unavailing, is Hegarty's argument that Transamerica is precluded under the doctrines of waiver and estoppel from asserting his claims are

---

[4] In recognition of the often illusory benefits described in life insurance policy illustrations, California enacted legislation, effective 1997, precluding insurers from, inter alia, "[s]tat[ing] or imply[ing] that the payment or amount of nonguaranteed elements is guaranteed."  See Cal. Ins. Code § 10509.955(b)(3).

[5] Although the term "policy form" is not defined in the Stipulation of Settlement, the DRL insurance master policies and group insurance certificates, as Transamerica points out, are pre-printed forms; the illustrations are separately prepared for policyholders and are not form documents.

barred by Oakes. In that regard, Hegarty relies on post-Oakes illustrations received and communications from Transamerica or one of its predecessors. To the extent any of those illustrations or communications concern policies other than his own policy, Hegarty's reliance thereon is misplaced, as there is no showing that any such illustration was the same as that given to Hegarty, let alone that Transamerica or any of its predecessors either stated or implied that any such illustration or communication concerned Hegarty's policy. See Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 33–34 (1995) (discussing elements of waiver and estoppel). To the extent any post-Oakes illustrations or communications concern Hegarty's policy, they provide no additional support for Hegarty's argument. With one exception, they contain no reference to a guaranteed bonus, and the one exception, a letter dated August 12, 2016, clearly states: "[Transamerica]'s obligation to credit guaranteed . . . persistency bonuses was released by the Oakes settlement." (See Hegarty Decl. Ex. I.)

**CONCLUSION**

In sum, given the circumstances discussed above, the Court finds Hegarty has failed to show a likelihood of success on the merits of his claims or that serious questions going to the merits exist.

Accordingly, Hegarty's Motion for Preliminary Injunction is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 15, 2020

MAXINE M. CHESNEY
United States District Judge

5