IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT HEGARTY,

             Plaintiff,

    v.

TRANSAMERICA LIFE INSURANCE
COMPANY,

             Defendant.

Case No.  19-cv-06006-MMC

**ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION
AND/OR CLARIFICATION**

Re: Doc. No. 79

Before the Court is plaintiff Robert Hegarty's ("Hegarty") Motion for Leave to File a Motion for Reconsideration and/or Clarification of Order ("Motion for Leave"), filed October 14, 2020, pursuant to Civil Local Rule 7-9.  By said motion, Hegarty seeks reconsideration and/or clarification of the Court's Order Denying Plaintiff's Motion for Preliminary Injunction ("Order").  (See Order, filed July 15, 2020.)  Having read and considered the Motion for Leave, the Court rules as follows.[1]

### BACKGROUND

Hegarty's Motion for Preliminary Injunction was based on his claims that defendant Transamerica Life Insurance Company's ("Transamerica") "failure to pay his guaranteed 30-year bonus constituted breach of contract and elder financial abuse."  (See Mot. for Preliminary Injunction at 4:15-16 (emphasis omitted).)  The Court, in denying that motion, found the first requirement for a preliminary injunction, likelihood of success on the merits, had not been met.  In particular, the Court found the claims on which a preliminary

---

[1] Where a motion is made pursuant to Civil Local Rule 7-9, "no response need be filed" unless the court "decides to order the filing of additional papers."  See Civil L.R. 7-9(d).

injunction was sought had been released under the terms of a nationwide class action settlement in Oakes v. Bankers United Life Assurance Company, et al., Case No. 96-06849 (192nd Dist. Ct. Dallas Cty.) ("Oakes").

## DISCUSSION

### A.   Reconsideration

Under the Civil Local Rules of this district, a party seeking reconsideration of an interlocutory order must file a motion for leave to file a motion for reconsideration, see Civil L.R. 7-9(a), and must demonstrate therein one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

See Civil L.R. 7-9(b).

Here, Hegarty relies on the first and third such grounds.

### 1.   Material Difference in Fact or Law

At the outset, relying on the first ground, Hegarty asserts the Court, in its Order, "d[id] not address a 'material fact' unknown at the time the Order was filed -- that Hegarty's DRL 1 Insurance Contract is not one of the specified versions of DRL 'policy forms' included in the settlement."  (See Mot. for Leave at 3:16-18.)[2]  In that regard, Hegarty notes, counsel for Transamerica stated at the hearing that the policies covered by the Oakes settlement had certain "policy form numbers," which numbers, Hegarty now

_____

[2] In connection with this argument as well as others, Hegarty states, either expressly or impliedly, that the Court ruled "[w]ithout discussion or explanation."  (See, e.g., Mot. for Leave at 3:14-15.)  The Order, however, was intended as a "summar[y]" of the Court's rulings, the bases for which were set out "in detail on the record at the hearing."  (See Order at 2:21-22.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1  asserts, do not appear on his policy.  At the hearing, however, counsel for Transamerica

2  also stated, "if we were to pull up . . . plaintiff's certificate, we would see one of those

3  form numbers on the . . . certificate[ ]" (see July 10, 2020, Hr'g Tr. at 39:11-13), and

4  Hegarty, having been given an opportunity by the Court to contest that assertion, did not

5  do so (see id. at 9:24-25, 10:11-13 (noting "your client, as I understand it, was a member

6  of the Oakes class"; informing counsel, "[i]f I'm incorrect in what the parties are actually

7  saying . . . , then somebody should clarify it or correct me").  Moreover, as set forth

8  above, a party relying on a material difference in fact or law "must show that in the

9  exercise of reasonable diligence the party . . . did not know such fact or law at the time of

10  the interlocutory order."  See Civil L.R. 7-9(b)(1).  If Hegarty's certificate does not bear a

11  "form number" covered by the Oakes settlement, such fact was readily discernible prior to

12  the hearing.

13  Accordingly, to the extent the Motion for Leave is based on a material difference in

14  fact or law, it will be denied.

15  **2.  Manifest Failure to Consider Material Facts or Dispositive Legal Arguments**

16  In support of the third ground, Hegarty first cites to language in the Oakes

17  settlement providing that "[n]either this Agreement nor any of the relief to be offered

18  under the Stipulation of Settlement . . . shall be interpreted to alter in any way the

19  contractual terms of any Policy" (see Mot. for Leave at 5:9-12), and then argues the

20  Court, in finding he "fail[ed] to identify anywhere in his contract documents any

21  'contractual term,' let alone any 'express term,' providing him with a guaranteed bonus"

22  (see id. at 5:13-17 (quoting Order at 4:7-11)), manifestly "failed to address

23  Transamerica's prior admission that Hegarty's Insurance Contract contained a

24  guaranteed Persistency Bonus" (see Mot. for Leave at 5:18-19).

25  In quoting the Oakes settlement, however, Hegarty omits the last part of the

26  provision on which he relies, which is found in a section of the Stipulation of Settlement

27  titled "General Matters and Reservations" (see Hegarty Decl. Ex. J § M.21), and, when

28  read in full, is not directed at the scope of the release but, rather, at potential contentions,

United States District Court
Northern District of California

1   such as that made by Hegarty at the hearing, that the settlement created a new contract.

2   (See id. (providing: "Neither this Agreement nor any of the relief to be offered under the

3   Stipulation of Settlement shall be interpreted to alter in any way the contractual terms of

4   any Policy or to constitute a novation of any Policy.")); (see also July 10, 2020, Hr'g Tr. at

5   61:13-14 (arguing, "if the claim is barred, that's the same thing as a novation").)  The

6   language relevant to the argument Hegarty makes in the instant motion appears in the

7   section titled "Release," which provides as follows: "Nothing in this Release shall be

8   deemed to alter a Class Member's rights . . . to make a claim for benefits that will become

9   payable in the future pursuant to the express written terms of the policy form issued by

10  the Defendants."  (See Hegarty Decl. Ex. J § H.1.b.2.)  Equally important, that section

11  goes on to make clear that "[u]nder no circumstances shall this Section . . . entitle a Class

12  Member to assert claims that relate to the allegations contained in the Action or to the

13  matters described in Section H.1" (see id.), which matters expressly include "matters

14  relating to . . . persistency, or other policy bonuses" (see id. § H.1.b.1).

15      In any event, Hegarty does not contend, nor did he contend at the hearing, that

16  Transamerica, either in the above-referenced letter or otherwise, ever identified any

17  contractual term in his policy providing for a guaranteed monetary bonus, nor has

18  Hegarty, at any time, identified any such provision.  In short, there was no "manifest

19  failure by the Court to consider material facts or dispositive legal arguments."  See Civil

20  L.R. 7-9(3).

21      Accordingly, to the extent the Motion for Leave is based on a manifest failure to

22  consider material facts or dispositive legal arguments, it will be denied.

23  **B.      Clarification**

24      With respect to Hegarty's request, in the alternative, for clarification of the Order,

25  specifically, clarification as to the effect of that ruling on the status of his claims as well as

26  potential discovery, the Motion for Leave will be denied and the Court will set a Case

27  Management Conference at which the parties should be prepared to discuss their

28  respective positions as to those matters.

**CONCLUSION**

For the reasons stated above:

1. To the extent Hegarty seeks an order granting leave to file a motion for reconsideration of the Order Denying Plaintiff's Motion for Preliminary Injunction, the Motion for Leave is hereby DENIED.

2. To the extent Hegarty seeks, in the alternative, an order granting leave to file a motion for clarification of the above-referenced Order, the Motion for Leave is hereby DENIED and the Court hereby SETS a Case Management Conference for November 20, 2020, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than November 13, 2020.

**IT IS SO ORDERED.**

Dated: October 21, 2020

MAXINE M. CHESNEY
United States District Judge