IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEGARTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 19-cv-06006-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

　　　　Before the Court is defendant Transamerica Life Insurance Company's Motion for Partial Summary Judgment, filed January 7, 2022. Plaintiff Robert Hegarty has filed opposition, to which defendant has replied. The matter came on regularly for hearing on May 27, 2022. Richard B. Glickman of Richard B. Glickman APC appeared on behalf of plaintiff. Joseph R. Jeffrey of Chittenden, Murday & Novotny LLC appeared on behalf of defendant.

　　　　Having read and considered the papers filed in support of and in opposition to the motion, and having considered the oral arguments made at the hearing, the Court, for the reasons set forth in detail on the record at the hearing, finds as follows:

　　　　1. Although defendant has submitted considerable evidence to show plaintiff's policy is covered by the <u>Oakes</u> settlement, the evidence on which plaintiff relies, in particular, the numbers affixed to plaintiff's policy documents that appear to be inconsistent with those covered by the settlement agreement (<u>compare</u> Compl. Ex. A <u>with</u> Chittenden Decl. Ex. C ¶ A.57), suffices to create a triable issue.[1]

---

[1] At the hearing, counsel for defendant offered an explanation for the discrepancy; that explanation, however, was not submitted by way of a declaration or other admissible evidence.

2.  Assuming, arguendo, plaintiff's policy is covered by the Oakes settlement, defendant has submitted essentially indisputable evidence that the claims raised in the instant action fall within the scope of the release. (See Chittenden Decl. Ex. C ¶ H.1.b.1(b)(15) (releasing "any and all . . . claims, . . . known or unknown, . . . arising out of, or related to, in whole or in part, . . . persistency, or other policy bonuses"); id. Ex. C ¶ H.1.b.2 (providing for preservation of "claim[s] for benefits . . . payable . . . pursuant to the express written terms of the policy form"; further providing class members "[u]nder no circumstances shall [be] . . . entitle[d] . . . to assert claims that relate to . . . the matters described in Section H.1").[2]

3.  Defendant has not submitted sufficient evidence to support a finding that the claims pleaded in the instant case and those pleaded in the operative Oakes complaint (see id. Ex. B) are, as a matter of law, based on an "identical factual predicate," see Hesse v. Sprint Corp., 598 F.3d 581, 590-91 (9th Cir. 2010), and defendant has not submitted any authority suggesting the Supreme Court of Texas would not apply that doctrine.

Accordingly, the Motion for Partial Summary Judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 31, 2022

MAXINE M. CHESNEY
United States District Judge

---

[2] At the hearing, the Court noted the Notice of Class Action sent to the Oakes class members, in describing the preservation of claims, does not include the above-quoted further provision. (See id. Ex. D at 19.) As neither party addressed that document in their written submissions, however, the Court makes no finding herein as to its effect, if any, on the scope of the release.

2